UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

SHANNON R. McGEE,            )
                             ) No. CV-09-350-JPH
          Plaintiff,         )
                             ) ORDER GRANTING DEFENDANT'S
v.                           ) MOTION FOR SUMMARY JUDGMENT
                             )
MICHAEL J. ASTRUE, Commissioner )
of Social Security,          )
                             )
          Defendant.         )
                             )
                             )

BEFORE THE COURT are cross-motions for summary judgment noted for hearing without oral argument on September 17, 2010 (Ct. Rec. 13, 15). Attorney Maureen J. Rosette represents Plaintiff; Special Assistant United States Attorney Nancy Mishalanie represents the Commissioner of Social Security (Commissioner). The parties consented to proceed before a magistrate judge (Ct. Rec. 8). On August 30, 2010, plaintiff filed a reply (Ct. Rec. 17). After reviewing the administrative record and the briefs filed by the parties, the court **GRANTS** Defendant's Motion for Summary Judgment (Ct. Rec. 15) and **DENIES** Plaintiff's Motion for Summary Judgment (Ct. Rec. 13).

**JURISDICTION**

Plaintiff filed concurrent applications for disability insurance benefits (DIB) and supplemental security income on April 27, 2006, alleging onset as of February 1, 2005 (Tr. 92). The

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                          - 1 -

applications were denied initially and on reconsideration (Tr. 54-60, 63-66). Administrative Law Judge (ALJ) Richard A. Say held a hearing on July 17, 2007 (Tr. 25-49). Plaintiff, represented by counsel, and vocational expert Tom L. Moreland testified. On December 7, 2007, the ALJ issued a decision finding plaintiff is not disabled (Tr. 14-22). The Appeals Council denied a request for review on October 29, 2009 (Tr. 1-3). Therefore, the ALJ's decision became the final decision of the Commissioner, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review pursuant to 42 U.S.C. § 405(g) on November 19, 2009 (Ct. Rec. 1,4).

## STATEMENT OF FACTS

The facts have been presented in the administrative hearing transcript, the ALJ's decision, the briefs of both Plaintiff and the Commissioner, and are only summarized here.

Plaintiff was 42 years old at the hearing. She has a GED and one year of college (Tr. 27, 101). Ms. McGee has worked as a motel housekeeper, kitchen helper, and sorter (Tr. 27, 97). She testified she is unable to work because she cannot stay focused, and she hears voices telling her "to do things" (Tr. 34).

## SEQUENTIAL EVALUATION PROCESS

The Social Security Act (the Act) defines disability as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act also

provides that a Plaintiff shall be determined to be under a disability only if any impairments are of such severity that a plaintiff is not only unable to do previous work but cannot, considering plaintiff's age, education and work experiences, engage in any other substantial gainful work which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B). Thus, the definition of disability consists of both medical and vocational components. *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001).

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520, 416.920. Step one determines if the person is engaged in substantial gainful activities. If so, benefits are denied. 20 C.F.R. §§ 404.1520(a)(4)(I), 416.920(a)(4)(I). If not, the decision maker proceeds to step two, which determines whether plaintiff has a medically severe impairment or combination of impairments. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii).

If plaintiff does not have a severe impairment or combination of impairments, the disability claim is denied. If the impairment is severe, the evaluation proceeds to the third step, which compares plaintiff's impairment with a number of listed impairments acknowledged by the Commissioner to be so severe as to preclude substantial gainful activity. 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii); 20 C.F.R. § 404 Subpt. P App. 1. If the impairment meets or equals one of the listed impairments, plaintiff is conclusively presumed to be disabled. If the impairment is not one conclusively presumed to be

disabling, the evaluation proceeds to the fourth step, which determines whether the impairment prevents plaintiff from performing work which was performed in the past. If a plaintiff is able to perform previous work, that Plaintiff is deemed not disabled. 20 C.F.R. §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). At this step, plaintiff's residual functional capacity (RFC) assessment is considered. If plaintiff cannot perform this work, the fifth and final step in the process determines whether plaintiff is able to perform other work in the national economy in view of plaintiff's residual functional capacity, age, education and past work experience. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v); *Bowen v. Yuckert*, 482 U.S. 137 (1987).

The initial burden of proof rests upon plaintiff to establish a *prima facie* case of entitlement to disability benefits. *Rhinehart v. Finch*, 438 F.2d 920, 921 (9th Cir. 1971); *Meanel v. Apfel*, 172 F.3d 1111, 1113 (9th Cir. 1999). The initial burden is met once plaintiff establishes that a physical or mental impairment prevents the performance of previous work. The burden then shifts, at step five, to the Commissioner to show that (1) plaintiff can perform other substantial gainful activity and (2) a "significant number of jobs exist in the national economy" which plaintiff can perform. *Kail v. Heckler*, 722 F.2d 1496, 1498 (9th Cir. 1984).

### STANDARD OF REVIEW

Congress has provided a limited scope of judicial review of a Commissioner's decision. 42 U.S.C. § 405(g). A Court must uphold the Commissioner's decision, made through an ALJ, when the

determination is not based on legal error and is supported by substantial evidence. *See Jones v. Heckler*, 760 F.2d 993, 995 (9th Cir. 1985); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999). "The [Commissioner's] determination that a plaintiff is not disabled will be upheld if the findings of fact are supported by substantial evidence." *Delgado v. Heckler*, 722 F.2d 570, 572 (9th Cir. 1983)(*citing* 42 U.S.C. § 405(g)). Substantial evidence is more than a mere scintilla, *Sorenson v. Weinberger*, 514 F.2d 1112, 1119 n. 10 (9th Cir. 1975), but less than a preponderance. *McAllister v. Sullivan*, 888 F.2d 599, 601-602 (9th Cir. 1989); *Desrosiers v. Secretary of Health and Human Services*, 846 F.2d 573, 576 (9th Cir. 1988). Substantial evidence "means such evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (citations omitted). "[S]uch inferences and conclusions as the [Commissioner] may reasonably draw from the evidence" will also be upheld. *Mark v. Celebrezze*, 348 F.2d 289, 293 (9th Cir. 1965). On review, the Court considers the record as a whole, not just the evidence supporting the decision of the Commissioner. *Weetman v. Sullivan,* 877 F.2d 20, 22 (9th Cir. 1989)(*quoting Kornock v. Harris*, 648 F.2d 525, 526 (9th Cir. 1980)).

It is the role of the trier of fact, not this Court, to resolve conflicts in evidence. *Richardson,* 402 U.S. at 400. If evidence supports more than one rational interpretation, the Court may not substitute its judgment for that of the Commissioner. *Tackett*, 180 F.3d at 1097; *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984). Nevertheless, a decision supported by substantial

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 5 -

evidence will still be set aside if the proper legal standards were not applied in weighing the evidence and making the decision. *Brawner v. Secretary of Health and Human Services*, 839 F.2d 432, 433 (9th Cir. 1987). Thus, if there is substantial evidence to support the administrative findings, or if there is conflicting evidence that will support a finding of either disability or nondisability, the finding of the Commissioner is conclusive. *Sprague v. Bowen*, 812 F.2d 1226, 1229-1230 (9th Cir. 1987).

**ALJ'S FINDINGS**

The ALJ found plaintiff was last insured through September 30, 2005, for DIB purposes (Tr. 14). With respect to her DIB claim, plaintiff was required to establish disability prior to this date. At step one ALJ Say found plaintiff has not engaged in substantial gainful activity since onset (Tr. 16). At steps two and three, he found she suffers from depressive, panic, and antisocial personality disorders, impairments that are severe but do not meet or medically equal the requirements of the Listings (Tr. 16-18, 20). After finding plaintiff not fully credible, the ALJ determined she has the RFC to perform work at all exertion levels but has mental limitations: needs short, simple instructions, no public contact, and superficial interaction with coworkers (Tr. 18, 22). At step four, he found a person with plaintiff's impairments and background could perform her past jobs as motel housekeeper, kitchen helper, and sorter (Tr. 22). The ALJ's step four finding made step five unnecessary. Because the ALJ found plaintiff is able to perform past work, she is not disabled (22).

**ISSUES**

Plaintiff contends that the Commissioner erroneously weighed the opinions of examining psychologist W. Scott Mabee and examining psychiatrist Scott Eliason, M.D., leading to an inadequate assessment of Ms. McGee's RFC (Ct. Rec. 14 at 9-12). Plaintiff does not challenge the ALJ's negative credibility assessment. The Commissioner answers the ALJ properly weighed the all of the opinion evidence, as well as plaintiff's credibility. The Commissioner asserts because the ALJ's decision is supported by the record and without error, the court should affirm (Ct. Rec. 16 at 17).

**DISCUSSION**

**Examining professionals' opinions**

In social security proceedings, the claimant must prove the existence of a physical or mental impairment by providing medical evidence consisting of signs, symptoms, and laboratory findings; the claimant's own statement of symptoms alone will not suffice. 20 C.F.R. § 416.908. The effects of all symptoms must be evaluated on the basis of a medically determinable impairment which can be shown to be the cause of the symptoms. 20 C.F.R. § 416.929. Once medical evidence of an underlying impairment has been shown, medical findings are not required to support the alleged severity of symptoms. *Bunnell v. Sullivan*, 947 F.2d 341, 345 (9th Cr. 1991).

A treating physician's opinion is given special weight because of familiarity with the claimant and the claimant's physical condition. *Fair v. Bowen*, 885 F.2d 597, 604-605 (9th Cir. 1989). However, the treating physician's opinion is not

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                                    - 7 -

"necessarily conclusive as to either a physical condition or the ultimate issue of disability." *Magallanes v. Bowen,* 881 F.2d 747, 751 (9th Cir. 1989)(citations omitted). More weight is given to a treating physician than an examining physician. *Lester v. CHater,* 81 F.3d 821, 830 (9th Cir. 1995). Correspondingly, more weight is given to the opinions of treating and examining physicians than to nonexamining physicians. *Benecke v. Barnhart,* 379 F.3d 587, 592 (9th Cir. 2004). If the treating or examining physician's opinions are not contradicted, they can be rejected only with clear and convincing reasons. *Lester,* 81 F.3d at 830. If contradicted, the ALJ may reject an opinion if he states specific, legitimate reasons that are supported by substantial evidence. *See Flaten v. Secretary of Health and Human Serv.,* 44 F.3d 1435, 1463 (9th Cir. 1995).

In addition to the testimony of a nonexamining medical advisor, the ALJ must have other evidence to support a decision to reject the opinion of a treating physician, such as laboratory test results, contrary reports from examining physicians, and testimony from the claimant that was inconsistent with the treating physician's opinion. *Magallanes v. Bowen,* 881 F.2d 747, 751-52 (9th Cir. 1989); *Andrews v. Shalala,* 53 F.3d 1042-43 (9th Cir. 1995).

The ALJ considered Dr. Mabee's contradicted February 2006 diagnosis of an adjustment disorder with mixed disturbance of emotion and conduct, and a schizoid personality disorder (Tr. 21; Exhibit 2F). Dr. Mabee assessed moderate limitations in the ability to learn new tasks, exercise judgment and make decisions, performs routine tasks, interact appropriately in public contacts,

control physical and motor movements and maintain appropriate

behavior. He assessed marked limitations in the ability to relate

appropriately to coworkers and supervisors, and respond

appropriately to and tolerate the pressures and expectations of a

normal work setting (Id).

The ALJ rejected Dr. Mabee's opinion because it is

contradicted by the opinion of psychiatrist Dr. Eliason, who

examined Ms. McGee six months later, in August 2006, and by the

opinions of the agency reviewing psychologists (Tr. 21).

The ALJ observes:

> [Dr. Eliason] diagnosed the claimant with methamphetamine
> dependence in full remission, a mild major depressive
> disorder, a panic disorder and an antisocial personality
> disorder. He was of the impression that the claimant did
> not have a schizoid personality disorder because she had
> many important relationships. He was of the opinion that
> the claimant's major depressive disorder was mild because
> she was able to laugh and joke and reported that her
> depression 'comes and goes.' He noted that the claimant's
> depression would likely improve with better treatment of
> her panic disorder. Dr. Eliason also noted that the
> claimant was currently doing well except with her panic
> disorder, but he indicated that this would likely improve
> with psychiatric treatment and a change in medication. He
> noted that, regardless of her panic disorder, the claimant
> had been able to return to a highly stressful job as a
> telemarketer and do it well. He opined that the claimant
> could probably tolerate and do well with working more than
> 15 hours per week.

(Tr. 21; Exhibit 4F).

The ALJ rejected Dr. Mabee's opinion because he rendered it

on a checkbox form as part of plaintiff's public assistance

application.

When he weighed the conflicting opinions, the ALJ properly

considered plaintiff's credibility. The ALJ evaluated plaintiff's

credibility and found her less than fully credible (Tr. 20-21), a

finding she does not challenge on appeal. Credibility

determinations bear on evaluations of medical evidence when an ALJ is presented with conflicting medical opinions or inconsistency between a claimant's subjective complaints and diagnosed condition. *See Webb v. Barnhart*, 433 F.3d 683, 688 (9th Cir. 2005).

It is the province of the ALJ to make credibility determinations. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "clear and convincing." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1995). "General findings are insufficient: rather the ALJ must identify what testimony not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

The ALJ relied on several factors when he assessed credibility, including plaintiff's MMPI results in February 2006 (Tr. 20-21). He observes her scores were invalid on the MMPI due to elevated "faking" scores on the subscale.

The ALJ relied on plaintiff's statement on August 12, 2006, that "she was always on the lookout for what scam she could pull or what things she could steal" (Tr. 20, referring to Exhibit 4F/1 at Tr. 167), when he found her less than credible.

The ALJ noted plaintiff's activities are inconsistent with allegedly disabling symptoms (Tr. 20). These include managing finances, grocery shopping, going to a casino, going out to sing karaoke with friends, and working part-time (Tr. 20; Exhibit 4F/4, Exhibit 13F/3, Ex. 13F/7; Tr. 206, 210).

The ALJ relied on plaintiff's inconsistent statements. He notes Ms. McGee testified she attended mental health counseling weekly (Tr. 19, referring to Tr. 40), but the record does not document it (counseling "on and off" at Ogden Hall for a few months, Tr. 208); (numerous missed counseling appointments, Tr. 221-248). Plaintiff has reported attending college for a year (Tr. 101) and for a few months (Tr. 129, 168). She only intermittently complained of anxiety to treatment providers.

ALJ Say observes plaintiff's noncompliance with taking prescribed psychotropic medication – she stopped taking it without consulting doctors – negatively affects her credibility (Tr. 19). The ALJ's reason is supported by treatment notes (*see e.g.*, Tr. 153-155,157,173,177). Notably, plaintiff told Dr. Eliason her depression can come and go, and will depend "on taking her meds" (Tr. 167). In January 2007 plaintiff told Family Services of Spokane she takes medication inconsistently and drank last week (Tr. 208-209).

The ALJ's reasons for finding plaintiff less than fully credible are clear, convincing, and fully supported by the record. *See Thomas v. Barnhart*, 278 F.3d 947, 958-959 (9th Cir. 2002)(proper factors include inconsistencies in plaintiff's statements, inconsistencies between statements and conduct, and extent of daily activities). The lack of consistent treatment, or

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 11 -

an "unexplained or inadequately explained, failure to seek treatment or follow a prescribed course of treatment" can cast doubt on a claimant's sincerity. *Fair v. Bowen*, 885 F.2d 597, 603 (9th Cir. 1989); *Burch v. Barnhart*, 400 F.3d 676, 681 (9th Cir. 2005).

The ALJ is responsible for reviewing the evidence and resolving conflicts or ambiguities in testimony. *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989). It is the role of the trier of fact, not this court, to resolve conflicts in evidence. *Richardson*, 402 U.S. at 400. The court has a limited role in determining whether the ALJ's decision is supported by substantial evidence and may not substitute its own judgment for that of the ALJ, even if it might justifiably have reached a different result upon de novo review. 42 U.S.C. § 405 (g).

The ALJ provided clear and convincing reasons for finding plaintiff's allegations not fully credible.

The ALJ's reasons for rejecting Dr. Mabee's contradicted opinions are specific, legitimate, and supported by substantial evidence. *Flaten*, 44 F.3d at 1463 99th Cir. 1995). The ALJ properly weighed Dr. Eliason's opinion. The assessed RFC is supported by the record.

 The ALJ's assessment of the medical and other evidence is supported by the record and free of legal error.

## CONCLUSION

Having reviewed the record and the ALJ's conclusions, this court finds that the ALJ's decision is free of legal error and supported by substantial evidence..

**IT IS ORDERED:**

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    - 12 -

1    1. Defendant's Motion for Summary Judgment **(Ct. Rec. 15)** is

2 **GRANTED.**

3    2. Plaintiff's Motion for Summary Judgment **(Ct. Rec. 13)** is

4 **DENIED.**

5    The District Court Executive is directed to file this Order,

6 provide copies to counsel for Plaintiff and Defendant, enter

7 judgment in favor of Defendant, and **CLOSE** this file.

8    DATED this 24th day of November, 2010.

9

10

11                         s/ James P. Hutton

12                      JAMES P. HUTTON
                 UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER GRANTING DEFENDANT'S MOTION
FOR SUMMARY JUDGMENT                    – 13 –